UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
COURT FILE NO.: CV - _____

| | |
|---|---|
| RICHARD RAPCKA and<br>MYRNA LYLES<br><br>　　　　　Plaintiffs,<br>v.<br><br>ASSET ACCEPTANCE LLC, KIM STEVENS, and JANE DOE 1, Individually and Jointly,<br><br>　　　　　Defendants. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); out of the invasions of Plaintiffs' personal privacy; out of violations of the Michigan Occupation Code ("MOC"), MCL 339.901 *et seq*; or alternatively out of violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 *et seq,* by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4. Richard Rapcka (hereinafter, "Rapcka") is a natural person who resides in the city of Davison, Genesee County, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Myrna Lyles (hereinafter, "Lyles") is a natural person who resides in the city of Saginaw, and fits the definition of "any person" which the Fair Debt Collection Practice Act was intended to

protect under 15 U.S.C. § 1692k(a).

6. Defendant Asset Acceptance LLC (Hereinafter "AALLC") is a subsidiary of Asset Acceptance Capital Corporation, and is a collection agency operating from an address of 28405 Van Dyke, Warren, Michigan, 48093. Defendant Asset Acceptance LLC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Kim Stevens (Hereinafter "Stevens") is believed to be a natural person who is employed by Defendant Asset Acceptance LLC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Jane Doe 1 is an unidentified woman, believed to be a natural person who is employed by Defendant Asset Acceptance LLC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In early April 2009 Plaintiff Rapcka received a certified letter from Defendant AALLC alleging that he had defaulted on a loan in the amount of $1737.13.

10. AALLC notified Rapcka in writing dated March 31, 2009, (attached as Exhibit A), of a pending arbitration claim against him, filed March 31, 2009.

11. Rapcka is mentally disabled, and lives in Section 8 housing with financial assistance provided in the form of rent reductions, as well as receiving disability benefits of approximately $674 per month.

12. Plaintiff Lyles learned of Defendant's communication with Rapcka on or about April 7th when Rapcka expressed concern over the certified letter he had received from AALLC.

13. Lyles is Rapcka's former spouse, and offered Rapcka support in understanding the situation alleged by Defendant.

14. Rapcka explained to Lyles that he had promised to pay AALLC $50.00 per month in response to the Defendant's allegations that he owed a debt of $1737.13.

15. Rapcka explained to Lyles that he had talked with Defendant Stevens, who identified herself as an employee of AALLC, and introduced herself as, "Kim."

16. During Rapcka's call to AALLC, Stevens explained to Rapcka that on behalf of AALLC she was attempting to collect a debt owed to Citibank.

17. With Rapcka's consent, Lyles reviewed his credit report to see if a Citibank debt existed in Rapcka's credit history.

18. Lyles discovered an entry on Rapcka's credit report from Gateway/Citibank.

19. When Lyles brought the credit report entry to Rapcka's attention, he expressed concern that he did not recall purchasing a computer or any other item from Gateway.

20. Lyles initiated a conference call with Defendant on or about April 7, 2009 to understand the facts alleged by AALLC.

### *Illegal Collection Calls on April 7, 2009.*

21. Defendant Stevens answered Lyles' call of April 7, 2009, and Lyles explained that she was Rapcka's ex-wife and was helping him look into the debt alleged by AALLC.

22. Stevens asked Rapcka, who was also a party to the conference call, if it was alright for her to speak to Lyles about Rapcka's alleged debt.

23. Rapcka concurred that Lyles could speak on his behalf.

24. Lyles noticed immediately that Stevens spoke very fast, making it difficult to understand the Defendant's allegations.

25. Lyles explained that Rapcka was not aware of the Gateway/Citibank bill, and Stevens interrupted her stating there were payments on this account through June of 2006.

26. Lyles attempted to explain that Rapcka lived in "crisis-housing" and was mentally disabled.

27. Stevens responded coldly, "what does that have to do with Rapcka owing him money."

28. Lyles explained that Rapcka lived with multiple roommates and that there was the possibility that Rapcka's alleged debt may have been the result of fraud via identify theft.

3

29. Stevens responded curtly, "Frauds don't make payments."

30. At this point Rapcka mentioned that he has trouble with short-term memory.

31. Stevens began yelling at Rapcka, accused Rapcka of lying during an earlier conversation and threatened that she "was going to take the account over to legal and press charges."

32. Lyles inquired as to what Stevens was referring to and Stevens began yelling at Lyles.

33. Lyles tried to explain that she was only trying to help, and asked if there was a bill of sale associated with the debt.

34. Lyles further asked for the shipping address of any purchase made, and who signed for it?

35. Stevens backed off to a level voice and stated, "That stuff doesn't come with the accounts;" but, Stevens agreed to order the requested documents.

36. Lyles agreed she would review Rapcka's records, as well as any records she had from the time when she and Rapcka were married, for evidence of the debt.

37. Lyles promised to call Stevens back on Thursday, April 9, 2009.

38. After Stevens exited the call and only Lyles and Rapcka remained on the line, Rapcka became quite upset and expressed concern to Lyles that he would not be able to pay his rent and would end up homeless.

39. This collection communication on this occasion to Plaintiffs was a false, deceptive, harassing, oppressive, and abusive communication by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692d, 1692d(2), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(13), and 1692f amongst others.

*Illegal Collection Calls on April 9, 2009.*

40. On April 9, 2009, Rapcka attempted to follow up with Defendant Stevens.

41. Rapcka talked to a female, Jane Doe 1, who identified herself as an employee of AALLC, but would not reveal her name.

42. When Rapcka requested Stevens, Jane Doe 1 told Rapcka that Stevens was not available and that he would have to speak with her.

43. Rapcka explained that he was attempting to follow up on prior communications with Stevens.

44. When Rapcka insisted on speaking to Stevens directly, Defendant Jane Doe 1 became abusive, condescending, disrespectful, and then hung up on Rapcka.

45. Later the same day, Lyles attempted to help Rapcka contact Stevens by calling on his behalf.

46. Lyles called and reached Stevens at the Defendant's telephone number.

47. Lyles explained to Stevens that she had found a record of a Gateway computer purchase in 2004, but it appeared that was paid in full and there was no balance in connection with Citibank.

48. In response, Stevens started yelling at Lyles and began to abuse her in a loud, disrespectful and undignified manner and threatened to hang up on Lyles for disputing the Defendant's allegations.

49. Stevens continued yelling so loudly at Lyles that she had to hold the phone away from her ear.

50. Stevens sarcastically asked Lyles, "What happened to the fourteen letters sent to him [Rapcka]?"

51. Lyles tried to explain again that Rapcka was disabled, his income was below the poverty line, and that she did not know anything about all the letters Defendant claimed to have sent.

52. Again, Stevens raised her voice to a yelling volume that required Lyles to hold the phone away from her ear.

53. Lyles asked about the original paperwork that Stevens promised to order during the conversation of April 7, 2009.

54. Stevens shouted back, "You were told it would take six months to get the original paperwork."

55. Lyles replied that she did not recall Stevens advising her of this in the conversation of April 7, 2009.

5

56. Stevens then began shouting that she would, "Turn this matter over to Legal," so they could, "take Rapcka to court."

57. Lyles asked Stevens to lower her voice, and asked what documents Stevens needed to see as proof of Rapcka being on disability benefits.

58. Stevens terminated the call without answering Lyles question.

59. This collection communication on this occasion to Plaintiffs was a false, deceptive, harassing, oppressive, and abusive communication by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692d, 1692d(2), 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

## *Conclusion*

60. Defendant's collection communications are in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

    a. § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person;
    b. § 1692d(2). Profane language or other abusive language.
    c. § 1692e. Any false, deceptive, or misleading representation or means in connection with the debt collection;
    d. § 1692e(2). Misleading representations: character, amount, or legal status of debt;
    e. § 1692e(4). Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment.
    f. § 1692e(5). Threaten to take any action that cannot legally be taKim or that is not intended to be taKim.
    g. § 1692e(10). Any false representation or deceptive means to collect a debt or obtain information about a consumer;
    h. § 1692e(13). Documents are legal process when they are not
    i. § 1692f . Any unfair or unconscionable means to collect or attempt to collect the alleged debt;

## *Summary*

61. The above-detailed conduct by Defendants was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the above noted FDCPA provisions amongst others.

62. Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, sadness, grieving, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiffs' home.

### *Respondeat Superior Liability*

63. The acts and omissions of Defendants, and the other debt collectors employed as agents by Defendant who communicated with Plaintiffs as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

64. The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

65. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

66. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

### **TRIAL BY JURY**

67. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

70. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

71. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

72. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt.

73. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

74. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

75. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

76. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

### VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN COLLECTION PRACTICES ACT

77. Plaintiff incorporates the preceding allegations by reference.

78. Defendants and its employees/agents are "collection agencies" as that term is defined in the Michigan Occupation Code ("MOC"), MCL 339.901(b).

79. Plaintiff is a debtor or other protected persons as that term is defined in MCL 339.901(l).

80. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Occupation Code.

81. Plaintiff has suffered damages as a result of these violations of the Michigan Occupation Code.

82. These violations of the Michigan Occupation Code were willful.

## COUNT IV.

### VIOLATIONS OF THE MICHIGAN DEBT COLLECTION PRACTICES ACT (AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN OCCUPATIONAL CODE)

83. Plaintiff incorporates the preceding allegations by reference.

84. Defendants are "regulated persons" under the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 (g)(xi).

85. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitutes violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 *et seq.*

9

86. Plaintiff has suffered damages as a result of these violations of the Michigan Debt Collections Practices Act.

87. These violations of the Michigan Debt Collections Practices Act were willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT III.

### VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN COLLECTION PRACTICES ACT

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff; and
- for such other and further relief as may be just and proper.

## COUNT IV.

### VIOLATIONS OF THE MICHIGAN DEBT COLLECTION PRACTICES ACT (AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN OCCUPATIONAL CODE)

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Debt Collections Practices Act violations in an amount to be determined at trial and for Plaintiffs; and
- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 3, 2009

**REX ANDERSON PC**

By:  **/s/ Rex C. Anderson**
Rex C. Anderson, Esq. (P47068)
Attorney for Plaintiff
9459 Lapeer Rd
Davison MI 48423
Telephone:  (810) 653-3300
Facsimile: (810) 658-2510
rex@rexandersonpc.com

VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN            )
                             ) ss
COUNTY OF GENESEE            )

Plaintiff **Richard Rapcka**, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Richard Rapcka*
**Richard Rapcka**

Subscribed and sworn to before me on this the __3__ day of __July__, 2009.

_____
Barbar Elvin    Notary Public
Genesee         County, MI
My Comm. expires 9/29/2013

-1-

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN )
) ss
COUNTY OF GENESEE )

Plaintiff **Myrna Lyles**, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Myrna A. Lyles_
**Myrna Lyles**

Subscribed and sworn to before me on this the 3 day of JULY, 2009.

_Barbara Elvin_ Notary Public
Genesee County, MI
My Comm. expires 9/29/2013